UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAYTON THOMAS JARRARD,

    Plaintiff,

    v.

INDIANA DEPARTMENT OF
CORRECTIONS, RON NEAL, MARK
HUBBARD, RYAN DUNLAP, and KYLE
CASSIDY,

    Defendants.

CAUSE NO.: 3:18-CV-825-PPS-MGG

## OPINION AND ORDER

Payton Thomas Jarrard, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jarrard alleges Correctional Officer Mark Hubbard punched him in the face several times. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

(internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Jarrard has plausibly alleged Officer Hubbard inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose.

Jarrard alleges Correctional Officers Ryan Dunlap and Kyle Cassidy failed to intervene to stop Officer Hubbard from hitting him. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Here, Jarrard does not allege how or when Officer Dunlap failed to intervene. He therefore fails to state a claim against Officer Dunlap. As for Officer Cassidy, Jarrard alleges just enough facts to get over his initial hurdle because he says that Officer Cassidy "just stood and watched me be attacked by Correction Officer Mark Hubbarb." (ECF 1 at 5.)

Jarrard alleges the Indiana Department of Correction and Warden Ron Neal are responsible for the employees who work for them. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore Indiana Department of Correction and Warden Ron Neal must be dismissed.

For these reasons, the court:

(1) GRANTS Payton Thomas Jarrard leave to proceed against Mark Hubbard in his individual capacity for compensatory and punitive damages for punching him in the face April 18, 2018, in violation of the Eighth Amendment;

(2) GRANTS Payton Thomas Jarrard leave to proceed against Kyle Cassidy in his individual capacity for compensatory and punitive damages for failing to intervene when Mark Hubbard was allegedly punching him in the face April 18, 2018, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Indiana Department of Corrections, Ron Neal, and Ryan Dunlap;

(5) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Mark Hubbard with a copy of this order and the Complaint (ECF 1); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mark Hubbard and Kyle Cassidy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 29, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT