UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAYTON THOMAS JARRARD,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS, RON NEAL, MARK HUBBARD, RYAN DUNLAP, and KYLE CASSIDY,<br><br>　　　　Defendants. | CAUSE NO.: 3:18-CV-825-PPS-MGG |

OPINION AND ORDER

Payton Thomas Jarrard, a prisoner without a lawyer, filed an amended complaint. ECF 39. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jarrard alleges Correctional Officer Mark Hubbard punched him in the face several times. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

(internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Jarrard has plausibly alleged Officer Hubbard inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose.

Jarrard also alleges Correctional Officers Ryan Dunlap and Kyle Cassidy failed to intervene to stop Officer Hubbard from hitting him. "[A]n officer is personally responsible, and thus liable under § 1983, if he knows about another's constitutional violation, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so . . .." *Childress v. Walker*, 787 F.3d 433, 440 (7th Cir. 2015) *citing Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here, Jarrard has plausibly alleged Officers Dunlap and Cassidy had a realistic opportunity to prevent Officer Hubbard from punching him multiple times, but deliberately or recklessly failed to do so in violation of the Eighth Amendment.

Jarrard was not previously granted leave to proceed against Ryan Dunlap. He has not appeared nor answered. Therefore, he must be served if he does not waive service. Then he must file an answer. However, I previously granted Jarrard leave to proceed against Mark Hubbard and Kyle Cassidy on these same claims. Both of them had already entered appearances before the amended complaint was filed and served

2

on their lawyers. Therefore, it is unnecessary to order service on them again. However, neither had yet filed an answer, so they still need to do that. For consistency, I will enlarge their deadline for filing an answer to the same date as that for Ryan Dunlap.

For these reasons, the Court:

(1) GRANTS Payton Thomas Jarrard leave to proceed against Mark Hubbard in his individual capacity for compensatory and punitive damages for punching him in the face on April 18, 2018, in violation of the Eighth Amendment;

(2) GRANTS Payton Thomas Jarrard leave to proceed against Ryan Dunlap and Kyle Cassidy in their individual capacities for compensatory and punitive damages for failing to intervene to stop Mark Hubbard from punching him in the face on April 18, 2018, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Ryan Dunlap at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 39), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mark Hubbard, Ryan Dunlap, and Kyle Cassidy to respond, as provided for in the Federal Rules of Civil Procedure

and N.D. Ind. L.R. 10-1(b), by the deadline for Ryan Dunlap only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 18, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT